IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Neal Technologies, Inc.<br>d/b/a Bullet Proof Diesel,<br><br>Plaintiff,<br><br>v.<br><br>Maryland Performance Diesel LLC,<br><br>Defendant. | Case No.__________________<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Neal Technologies, Inc. doing business as Bullet Proof Diesel ("BPD") files this Complaint for Patent Infringement against Defendant Maryland Performance Diesel LLC ("MPD") and alleges as follows:

## THE PARTIES

1. BPD is incorporated under the laws of the State of Arizona with its principal place of business at 4245 East Palm Street, Mesa, Arizona 85215.

2. Upon information and belief, MPD is a limited liability company organized under the laws of the State of Maryland with its principal place of business at 1908 Benhill Avenue, Baltimore, Maryland 21226. MPD may be served through its registered agent, Craig A. Briggs, Jr., at 1908 Benhill Avenue, Baltimore, Maryland 21226.

## PATENT-IN-SUIT

3. BPD is the owner of the entire right, title, and interest in and to U. S. Patent No. 8,720,408 ("the '408 Patent"), entitled "Oil Filtering and Cooling System for a Vehicle

Compression Ignition Engine," which issued by the United States Patent and Trademark Office on May 13, 2014. A true and accurate copy of the '408 Patent is attached hereto as **Exhibit A**.

4. The '408 Patent is valid and enforceable. BPD has complied with the statutory patent marking requirements per 35 U.S.C. § 287.

5. Upon information and belief, MPD makes, uses, sells, and/or offers for sale within the United States and/or imports into the United States products that infringe the '408 Patent, including but not limited to its 6.0L and 6.4L Oil Cooler Relocation Kits.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement arising under the Patent Law of the United States of America, Title 35, United States Code § 1 et seq.

7. This Court has exclusive subject-matter jurisdiction over MPD under 28 U.S.C. §§1331 and 1338(a).

8. This Court has personal jurisdiction over MPD. Upon information and belief, MPD has continuous and systematic business contacts with the State of Texas and has committed acts of patent infringement within the State of Texas and the Eastern District of Texas. For example, upon information and belief, MPD, directly and/or through intermediaries, conducts and solicits business in the State of Texas and attempts to derive benefit from residents of the State of Texas by marketing, selling, offering for sale, making and/or using its products and/or services, in the State of Texas and the Eastern District of Texas. Furthermore, MPD operates an interactive website at www.marylandperfdiesel.com which permits the active marketing, solicitation and/or sales of various products including those alleged to infringe within the State of Texas and this District. See attached **Exhibit B**.

9. Venue is appropriate in the Eastern District of Texas under 28 U.S.C. §§1391(b) and 1400(b). MPD is subject to personal jurisdiction in this district, and as such, resides in this judicial district for venue purposes. In addition, upon information and belief, MPD has committed acts of infringement by, among other things, marketing, selling, offering for sale, making, and/or using infringing products, including its 6.0L and 6.4L Oil Cooler Relocation Kits, in the State of Texas and the Eastern District of Texas.

## FACTUAL BACKGROUND

### BPD Creates The "Cure For The Ford Diesel Engine Cancer"

10. BPD is an Arizona-based manufacturer and a nationally renowned seller of aftermarket diesel engine parts and related services, including upgraded oil cooler kits for Ford Power Stroke Diesel engines, known as "BulletProof" Oil Cooler Kits. In about 2009, BPD's founders invented an ingenious solution to the failing Ford Power Stroke Diesel engine. This solution, including the upgraded oil cooler kits, ultimately became the subject of numerous U.S. Patents, including the '408 Patent. This BPD fix for the Ford Power Stroke Diesel has become one of the "cures for the cancer."

### MPD Has Known of BPD for Years

11. BPD is well-known for its "BulletProof" aftermarket diesel engine parts and related services. To this end, MPD has known of the successes enjoyed by BPD in this specific marketplace. Indeed, in October of 2012, BPD raised claims of trademark infringement relating to MPD's use of BPD's "BulletProof" trademarks. As a result of this initial demand, MPD ceased the claimed infringing activities as raised by BPD.

12. Upon information and belief, MPD has actively followed the success of BPD in the marketing of its "BulletProof" diesel engine branded products and is well aware of BPD's

marketplace successes associated with the various products, including its aftermarket oil cooler products.

13. To this end, one of BPD's oil cooler kit product patents that relate to its various "cures for the cancer" products includes the subject-matter as set out and claimed in the '408 Patent.

14. As the industry recognized the success of BPD's "cure," BPD's company continued to grow, prosper and result in much industry recognition as to the various BPD "fixes" for the originally unreliable Ford diesel engines. Indeed, BPD's principals, Ken Neal and Gene Neal (brothers) were recognized as the December 2012 "Off Road" magazine "People of the Year" for their contributions in this marketplace.

## COUNT FOR PATENT INFRINGEMENT

15. BPD repeats and realleges the allegations in paragraphs 1 through 14 as though fully set forth herein.

16. Upon information and belief, MPD infringes, contributes to the infringement of, and/or induces infringement of one or more claims of the '408 Patent, including at least claim 9, under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, or by intending that others make, use, sell and/or offer for sale within the United States and/or import into the United States products and/or methods covered by one or more claims of the '408 Patent, including but not limited to the MPD's Oil Cooler Relocation Kits, such as its MPD-60 OCRK and its MPD-64 OCRK (hereinafter "MPD's OCRK") or components (such as MPD's MPD-60 ORP and its MPD-64 ORP - - its "Oil Relocation Plates") thereof (See **Exhibit B**).

17. Upon information and belief, MPD's OCRK meets the limitations of the claims of the '408 Patent. For example, claim 9 of the '408 Patent as applied to MPD's MPD-60 OCRK is detailed in the attached **Exhibit C**.

18. Upon information and belief, MPD directly infringes one or more claims of the '408 Patent, including at least claim 9, under 35 U.S.C. §271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States MPD's OCRK or components thereof.

19. In addition to direct infringement, MPD indirectly infringes one or more of the claims of the '408 Patent, including at least claim 9, under 35 U.S.C. §271(b) and 35 U.S.C. §271(c).

20. Upon information and belief, MPD actively induces other third parties in the United States to directly infringe one or more of the claims of the '408 Patent, literally or under the doctrine of equivalents, by making, using, selling, or offering to sell MPD's OCRK or components thereof. Upon information and belief, MPD instructs third parties to make, use, sell, or offer for sale of MPD's OCRK in a manner that infringes one or more claims of the '408 Patent, including through materials and communications from MPD. Upon information and belief, through its making, using, selling, and/or offering for sale of MPD's OCRK and related components and other materials and communications, MPD specifically intends third parties to infringe one or more claims of the '408 Patent. Upon information and belief, MPD is aware that use of MPD's OCRK and related components in its normal and customary way infringes the '408 Patent and performs acts that constitute induced infringement with knowledge of the '408 Patent and with knowledge or willful blindness that the induced acts constitute infringement of one or more of the claims of the '408 Patent.

21. Upon information and belief, MPD also contributes to the infringement of others in the United States who make, use, sell, and/or offer to sell MPD's OCRK or components thereof. Upon information and belief, direct infringement is a result of direct activities performed by MPD, and/or other third parties making or using MPD's OCRK or components thereof for their intended use. Upon information and belief, MPD contributes to the infringement of one or more claims of the '408 Patent by making, using, selling, and/or offering to sell MPD's OCRK and/or causing others to make, use, sell, and/or offer to sell MPD's OCRK or components thereof. Upon information and belief, MPD's OCRK or components thereof are material to the claimed invention, have no substantial non-infringing uses, and are known by MPD to be especially made or especially adapted for use in an infringement of the '408 Patent.

22. MPD's acts of infringements cause damage to BPD and BPD is entitled to recover from MPD damages sustained as a result of MPD's infringement of the '408 Patent, but in no event less than a reasonable royalty.

23. MPD's acts of infringement, unless restrained and enjoined, will cause irreparable injury or damage to BPD for which there is no adequate remedy of law.

24. MPD's infringement of the '408 Patent is exceptional and entitles BPD to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

25. Upon information and belief, MPD copied BPD's patented technologies, engaged and continues to engage in direct competition with MPD using copied technology, and has attempted and continues to attempt to substantially undercut BPD's pricing with copied technology and knowledge of BPD's intellectual property rights, including the '408 Patent. Upon information and belief, MPD lacks a meritorious defense to its infringement of the '408 Patent.

## JURY DEMAND

Pursuant to Rule 38, F.R.C.P., BPD demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, BPD respectfully requests this Court enter judgment in its favor and grant the following relief against MPD:

1. Judgment that MPD infringes the ‘408 Patent;
2. Judgment that MPD’s continued infringement of the ‘408 Patent is willful;
3. Award BPD damages in an amount adequate to compensate BPD for MPD’s infringement of the ‘408 Patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284;
4. Award BPD enhanced damages pursuant to 35 U.S.C. § 284;
5. Award BPD pre-judgment and post-judgment interest to the full extent allowed under the law;
6. Award BPD its costs;
7. Enter an order finding this to be an exceptional case and award BPD its reasonable attorneys’ fees pursuant to 35 U.S.C. § 285;
8. Enter a permanent injunction against MPD and its respective officers, directors, shareholders, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations, their successors in interest and assigns, and all other entities and individuals acting in concert with or on its behalf, including customers, from making, importing, using, offering for sale, and/or selling any product, method or service failing within the scope of any claim of the ‘408 Patent or otherwise

infringing or contributing to or inducing infringement of any claim of the '408 Patent;

9. Award, in lieu of an injunction, a compulsory ongoing royalty;

10. Order an accounting of damages; and

11. Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: August 24, 2016.

Respectfully submitted,

*/s/Richard L. Schwartz*

Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge

Thomas F. Harkins
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

John D. Titus
jtitus@hartmantitus.com
Arizona Bar No. 012912

Bradley P. Hartman
Arizona Bar No. 017263
bhartman@hartmantitus.com

**HARTMAN TITUS PLC**
7114 E. Stetson Drive, Suite 205
Scottsdale, AZ 85251-3250
Phone: (480) 659-0019
Fax: (480) 659-3304

Clyde Moody Siebman
Texas Bar No. 18341600
clydesiebman@siebman.com

**SIEBMAN BURG PHILLIPS & SMITH LLP**
300 N Travis St
Sherman, TX 75090
Phone: (903) 870-0070
Fax: (903) 870-0066

**Attorneys for Plaintiff Neal Technologies, Inc. d/b/a Bullet Proof Diesel**